WALLACE, JUDGE:
This claim arises from a contract dated October 5, 1966, between the State Road Commission of West Virginia and two partnerships: James G. Angelaras, Alvin R. Schwab, and Richard A. Haber, doing business as the A. B. Engineering Company, and Vladimir V. Barstow and Robert D. Mulligan, doing business as Barstow and Mulligan, Consulting Engineers. The two partnerships entered into the contract as a joint venture.
The claim was filed by A. B. Engineering Company as the claimant. At the outset of the hearing, the respondent raised the question of joining Barstow and Mulligan, Consulting Engineers, as a necessary party. Counsel for the respondent represented to the Court that a small amount was owing to Barstow and Mulligan by the claimant, and, if an award were made by this Court, the claimant would pay Barstow and Mulligan whatever amount was still due.
Under the terms of the contract, the claimant agreed to design Project APD-282(31), a section of the Appalachian *43 Development Highway, U.S. Route 50, in the location of the selected line, 3-A, 3-F, 3-B of Sverdrup and Parcel and Associates’ Reconnaissance Report (furnished by respondent) from west of Secondary Route 11, Doddridge County, West Virginia, near Arnold Creek, to Secondary Route 50/13, Doddridge County, at Sherwood, for a distance of approximately 10.01 miles. The contract contemplated that the 10.01 miles of the highway be divided into two projects:
1) From west of Secondary Route 11 near Arnold Creek to west of Secondary Route 18, 3.01 miles.
2) From west of Secondary Route 18 to Secondary Route 50/13 at Sherwood, 7 miles.
The claimant was to be paid, for all services rendered under the contract for the construction contract plans, a lump-sum fee of $376,500.00. In addition to this lump-sum payment, the claimant would be paid for additional services as set out in the contract, a total estimated fee of $505,930.00.
The contract further provided:
“In the event of a substantial change in the scope and character of the work, such as the addition or deletion of interchanges or bridges, or any other changes requiring an increase or decrease in the fee payments, when ordered by the Commission in writing, the fees will be adjusted accordingly by a supplemental agreement on the basis of a lump sum fee or the actual cost of direct technical labor plus overhead and expenses and a fixed fee to cover profits only.”
The claimants contends that, subsequent to the award of the contract, the design criteria were upgraded by the respondent and the Bureau of Public Roads; that the selected line upon which claimant’s fee was predicated envisaged the use of the existing U.S. Route 50 for two lanes of a four-lane highway for five miles; and that the new criteria ruled out such use in that the existing U.S. Route 50 met neither the vertical nor the horizontal alignment requirements. The claimant further contends that the change in design criteria resulted in increased costs beyond those originally estimated, and con *44 stituted a substantial change in the scope and character of the work, for which claimant would be entitled to additional compensation in the amount of $253,337.00. In addition to this amount, claimant is claiming $27,012.13 for monies withheld for payment of B & O tax due the State of West Virginia and for work performed by survey teams provided by the respondent.
After the pre-trial hearing on July 31, 1978, hearings were held on November 13 and 14, 1978, and January 3 and 4, 1979. At the hearing on November 14, 1978, the claimant advised the Court that it was not going to pursue the claim pertaining to the withholding of monies for B & O tax and survey matters, but would pursue that portion of its claim pertaining to the change in the scope of the work, for which it claims $253,337.00.
At the close of the hearing on January 4, 1979, claimant reserved the right to cross-examine certain of respondent’s witnesses and indicated it would be necessary to depose certain witnesses on its behalf. Nothing further transpired until the claimant filed its motion in November of 1980 asking permission to “proceed further .... as relates to the proving of damages .... upon a quantum merit basis.” The respondent then filed its motion in opposition and further moved the Court to dismiss the claim for failure to prosecute. These motions were heard by the Court on January 21, 1981, at which time they were taken under advisement. Counsel for the claimant and respondent then represented to the Court that all the evidence had been presented as relates to liability and asked that the claim be bifurcated and that the issue of liability be decided before the question of damages, to which the Court agreed.
According to the S & P Report, a portion of claimant’s contract was to design two new lanes of highway and to incorporate a part of existing Route 50 into the final design contract. The claimant contends that the subsequent design change of two lanes to four lanes involved major changes in the design work required in the earthwork, drainage, rights of way, intersections and the necessity to take into account the steeper terrain.
*45 In contrast to the claimant’s contentions, Mr. Thomas P. Kirk, a civil engineer and former employee of the respondent, testified that there are numerous problems encountered in designing two lanes next to an existing two lanes that are not encountered when designing four new lanes. These problems include utilities running parallel with the existing lanes, adjacent houses and parcels of land and access thereto, survey problems in existing traffic, and adequate drainage. He further stated that a new location can have problems, but normally, the contractor would be dealing with larger parcels of land where the same problems do not exist.
The claimant made no request for additional compensation claimed as a result of a change in the scope of work until December of 1968. This was after over 74% of the work had been performed. The respondent denied the request, but did recognize certain work which it considered a change in the scope of work for which supplemental agreements were executed and the claimant paid.
From the record, the Court is of the opinion that the claimant designed the highway within the intent and scope of the agreement for which it has been properly compensated, and the claim of the claimant is disallowed. Consequently, the claimant’s motion to proceed upon a quantum merit basis is dismissed as is the respondent’s motion to dismiss for lack of prosecution.
Claim disallowed.